*Welch, J.
The single question involved in this case is, whether the act of March 29, 1867 (64 Ohio L. 80), “to authorize the county commissioners to construct roads on petition of a majority of resident land-owners along and adjacent to the line of said road,” etc., is constitutional.
The act in question authorizes county commissioners, upon petition of a majority of land-owners to be affected thereby, “to lay out, construct, and improve, by straightening, altering, grading, paving, graveling, planking, or macadamizing, any state or county road, or any part of such road, within the limits of their respective -counties.” It provides that upon the presentation of such petition, and the filing of a bond for payment of expenses, etc., the commissioners shall appoint three viewers, whose duty it shall be to examine the proposed improvement, and report upon its necessity and utility; to assess damages to land-owners along the route, and to report the cost of the improvement, and the lots or lands that will be benefited thereby, and which are situated within two miles of the road. If the report is favorable to the proposed improvement, the commissioners may order it to bo made, and cause the work to be let out to contractors, under the superintendence of an engineer. The commissioners are then to appoint three disinterested freeholders, who shall, upon actual view, apportion the estimated cost •of the work upon the land and lots so specified, according to the *515 benefit to be derived therefrom. After the work is completed, these assessments, increased or diminished, pro rata, so as to correspond with the actual cost of the improvement, are to be placed upon a special duplicate, and collected by the county treasurer,1 as other taxes. The act also authorizes the commissioners, for the purpose of raising money to meet the expenses of the improvement, to issue the bonds of the county, payable at intervals within a period of five years, but not to be sold at less than their par value; and in case they issue such bonds, the assessments are to be so apportioned as to meet and pay the bonds as they mature.
The relators allege that upon the petition of themselves and others, being a majority of the landholders to be affected thereby, and that upon their giving bond as required by *said act, the commissioners of Warren county appointed viewers to examine and report upon the improvement of a certain road prayed for and specified in their petition, and situate within Warren county, by grading, graveling, and stoning the same. That the viewers so appointed made a favorable report, stating the damages, land to be benefited, etc., and that the commissioners, being of opinion that the improvement would be of public utility, ordered the same to be made accordingly, specifying in their order the nature of the im.provement, the lands to be assessed for its cost, etc. That the commissioners then authorized the letting of the work by an engineer, and appointed commissioners to apportion the estimated cost upon the land to be so benefited; and that the engineer subsequently reported that he had let out the work upon contract. That all these proceedings were in strict conformity to the statute aforesaid but that the commissioners, upon receiving the report of their engineer, having in the meantime become convinced that said act was unconstitutional and void, refused to affirm said report, issued an order suspending all further proceeding in the premises, and refused, and still do refuse, to proceed further in the work of said improvement.
The answer of the commissioners admits all the statements made in the relation, and places their refusal to proceed solely upon the ground of the alleged unconstitutionality of the act in question.
It is claimed on behalf of the commissioners, that the act is in contravention of section 6 of article 8, section 7 of article 10, section 2 of article 12, and section 6 of article 13 of the state constitution, and therefore void.
*516 Section. 6 of article 8, is as follows: “ The general assembly shall never authorize any county, city, town, or township, by vote of its-citizens or otherwise, to become a stockholder in any joint stock company, corporation, or association whatever; or to raise money for, or loan its credit to or in aid of any such company, corporation, or association.”
It is difficult to see how the act in question violates this provision. The “ petitioners,” at whose instance the improvement is authorized to be made, are not a “joint stock company,” *a “corporation,” or an “association.” If they are either, then so are all petitioners for the establishment and improvement of public-roads, and the county is powerless to aid any such work, either-with its money or with its credit. The roads to be constructed under this act are not private property. They are public highways,. free to all. And it will hardly be claimed that this section of the-constitution was designed to take away the power of counties to construct, or to aid in the construction of public highways within the county limits, upon petition of its inhabitants. Yet such seems-to be the necessary result, if we are to regard such petitioners as a. “company” or “association” within the meaning of the section.
Section 7 of article 10 provides that “counties,” etc., “shall have-such power of local taxation as may be prescribed by law.”
Section 2 of article 12 requires laws to be passed taxing all money,, credits, property, etc., “by a uniform rule, according to its value in money.”
The act in question in no sense violates either of these provisions. It authorizes no tax, either local or general. It authorizes an “assessment." The distinction between an assessment and a tax is well defined, and well settled in Reeves v. Treasurer of Wood County, 8 Ohio St. 333, and former cases there cited. A restriction upon the power of taxation is no restriction upon the power of assessment.
Section 6 of article 13 is as follows: “ The general assembly shall provide for the organization of cities and incorporated villages by general laws, and restrict their power of taxation, assessment, borrowing money, contracting debts, and loaning their credit, so as to-prevent the abuse of such power.”
It would be enough for the present case to say, that this section, relates exclusively to cities and villages, and can have no application whatever to counties or county commissioners. But it is well. *517 •settled that assessments of the kind authorized by the act in question, apportioning the amount according to benefits received, whether made by cities and villages for improvement of streets and alleys, or by county ^commissioners for the construetion of roads, drains, or the like, are not. prohibited by the present or former constitution of the state. See 19 Ohio, 418; 1 Ohio St. 127; 5 Id. 243, 520; and 8 Id. 333.
We are unable, therefore, to perceive in the act in question any violation of the constitution, or to see any ground upon which the defendants can be justified in further refusing to complete the improvement so undertaken.

Peremptory mandamus awarded.

Day, C. J., and White, Brinkerhoee, and Scott, JJ., concurred.